UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY CASTERLOW-BEY,

                Plaintiff,

    v.

PIERCE COUNTY SHERIFF, et al.,

                Defendants.

Case No. C17-5587 BHS-TLF

REPORT AND RECOMMENDATION

Noted for August 24, 2018

       This is an action under 42 U.S.C. § 1983 in which plaintiff, who was formerly confined in the Pierce County Jail, is proceeding *pro se* and *in forma pauperis*. Before the Court are motions to dismiss for failure to state a claim upon which relief can be granted, filed by the "Nurse Defendants" (defendants Lipscomb, Eliasson, Blowers, Slothower, Valencia. Bual, Cammer, Carrillo and Smith) and the "County Defendants" (defendants Balderrama and Pastor). Dkts. 59, 60. Plaintiff filed an untimely response to defendants' motions. Dkt. 65. This Court permitted defendants to file additional replies in order to respond to plaintiff's arguments, and they have now done so.  Dkt. 69, 70.

       The Court recommends that defendants' motions be granted and that the complaint be dismissed with prejudice on the ground that the claims are barred by *res judicata*.  In light of the recommended dismissal, the Court also recommends that all of plaintiff's pending motions, Dkts. 21, 25, 26 and 27, be denied as moot.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff began this action on July 28, 2017, and filed an Amended Complaint on January 5, 2018. Dkts. 1, 28. On January 11, 2018, the Court consolidated this case with a substantially overlapping matter also pending before it (No. 17-cv-5723 BHS-TLF) and required plaintiff to file a consolidated complaint. Dkt. 29. Plaintiff's Amended Complaint, filed on February 23, 2018 in response to that order, is the operative complaint in this case. Dkt. 37. The Amended Complaint alleges 42 U.S.C. § 1983 claims against the Nurse Defendants and the County Defendants, asserting that they violated plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments, and violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 and Rehabilitation Act (RA) of 1973, 29 U.S.C. § 794. Dkt. 37 at 1-2.

Plaintiff asserts that he was denied access to outside medical care and pain relief for his pre-existing osteoarthritis. Dkt. 37 at 2. He alleges that, after an assault, he was housed for 30 days in the booking area of the jail in a cell without a bed, chair, table or safety bars, and that his wheelchair and walker were "confiscated." *Id*. at 3. Plaintiff claims that he was injured during a fall in this cell, was refused medical care for his resulting injuries, and was fed only a turkey sandwich and a pint of milk three times a day during the time he was held in the booking area. *Id.*

Plaintiff also filed another largely duplicative complaint in a third matter, *Casterlow-Bey v. Caruso* No. 17-cv-5605-RJB ("*Caruso*"), on August 2, 2017. In that case, plaintiff was permitted to amend his complaint three times after being notified of its deficiencies, and the case was ultimately dismissed with prejudice for failure to state a claim upon which relief may be

REPORT AND RECOMMENDATION - 2

1  granted on May 16, 2018. *Caruso*, Dkts. 81, 83, 84.[1] Plaintiff's Third Amended Complaint, filed
2  on December 1, 2017, named as defendants all of the defendants in this action (together with
3  several additional defendants). *Caruso* Dkt. 31 at p. 1. That complaint likewise brought claims
4  under 42 U.S.C. § 1983 and asserted violations of the Fifth, Eight and Fourteenth Amendments
5  and the ADA; in addition, plaintiff asserted violation of the First Amendment. *Id*. at 3. Plaintiff's
6  factual allegations included identical assertions that plaintiff was confined after an assault to a
7  booking area cell "with no bed chair, shower or table," that he fell and was injured due to the
8  lack of handicap facilities, that his wheelchair and walker were "confiscated" and that he was fed
9  only a turkey sandwich and a pint of milk three times a day. *Id*. Plaintiff also complained of
10 suffering degenerative osteoarthritis and needing hip replacement surgery. *Id*. The court
11 dismissed the *Caruso* matter with prejudice, adopting the Report and Recommendation of
12 Magistrate Judge Creatura. *Caruso* Dkts. 83, 81. Plaintiff's § 1983 claims were dismissed with
13 prejudice because, despite three opportunities to amend his complaint after being informed of its
14 deficiencies, plaintiff failed to allege the personal participation of any individual defendant in the
15 harm he alleged, instead making only broad allegations of generalized actions by "defendants" as
16 a group; the Third Amended Complaint therefore failed to state a claim upon which relief could
17 be granted. *Caruso* Dkt. 81 at 4-5.
18     Defendants in this case argue that plaintiff's claims are barred by the prior dismissal, that
19 plaintiff has again failed properly to allege individual action by any particular defendant that
20 violated his rights, that plaintiff's ADA and RA claims cannot be brought against them, and that

---

[1] In deciding a motion to dismiss on res judicata grounds, a court may take judicial notice of a prior judgment and other court records. *See Holder v. Holder,* 305 F.3d 854, 866 (9th Cir.2002) (taking judicial notice of state court decision and related filed briefs for purposes of determining prior judgment's preclusive effect).

REPORT AND RECOMMENDATION - 3

plaintiff has not adequately alleged that defendants were deliberately indifferent to his medical needs. Plaintiff has filed an opposition, but does not respond to defendants' arguments; instead, he merely repeats the generalized allegations of his Amended Complaint. Dkt. 65.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

Because plaintiff is proceeding *pro se*, his complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). However, the court cannot supply an essential fact that a *pro se* plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). "'Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.'" *Id.*, quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)

Ordinarily, a prisoner should be granted leave to amend to address the deficiencies in his complaint. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992), *overruled on other grounds WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). However, "district courts are only required to grant leave to amend if a complaint can possibly be saved"; leave amend is not required "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct

REPORT AND RECOMMENDATION - 4

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). A plaintiff in a § 1983 action must allege facts showing how defendants individually caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**A.    Res Judicata**

Defendants assert that plaintiff's claims are precluded by the judgment dismissing plaintiff's claims with prejudice in the *Caruso* matter. For res judicata to apply, there must be: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Western Radio Services Col, Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Those elements are met here.

First, there is an identity of claims. The *Caruso* matter, like this one, was brought under § 1983 and asserted violation of plaintiff's rights under the same constitutional provisions—the Fifth, Eighth and Fourteenth Amendments. *Caruso* Dkt.31 at 3. Plaintiff also asserted violation of the ADA. *Id*. These claims arise out of identical alleged facts: plaintiff's pre-existing osteo-arthritis, his confinement to a booking cell without a bed, furniture or handrails, his resulting fall and injury, and confiscation of his walker and wheelchair. *Id.* To the extent there may be minor additions to the claims in this case—such as adding the RA to plaintiff's claims under the ADA or claiming improper denial of access to outside medical care—all such claims arise out of the "same nucleus of facts" and could have been brought in the *Caruso* action; they are thus equally subject to the doctrine of res judicata. *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir.2003); *see also Arizona v. California*, 530 U.S. 392, 42

1  (2000) (Rehnquist, J., dissenting) ("res judicata not only bars relitigation of claims previously

2  litigated, but also precludes claims that could have been brought in earlier proceedings.").

3        The second element is also met. The dismissal of the *Caruso* action was with prejudice,

4  and therefore qualifies as a final judgment on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953,

5  956 (9th Cir. 2002) ("the phrase 'final judgment on the merits' is often used interchangeably

6  with 'dismissal with prejudice.'"). A dismissal for failure to state a claim under Fed. R. Civ. P.

7  12(b)(6), as in the *Caruso* matter, "is a 'judgment on the merits.'" *Federated Dept. Stores, Inc. v.*

8  *Moitie*, 452 U.S. 394, 399 n.3 (1981).

9        Finally, there is an identity of the parties. Each case was brought by plaintiff, and all of

10 the defendants in this case were defendants in the *Caruso* matter. *Compare* Dkt. 37 at 1 *with*

11 *Caruso* Dkt. 31 at 1.

12       All of the elements of res judicata are met. Plaintiff has already had an opportunity to

13 litigate the same claims he has brought here, and this action should therefore be dismissed.

14 Because this is a flaw that no amendment can remedy, the Court recommends dismissal with

15 prejudice.

16 **B.     Pending Motions**

17       Plaintiff has filed a motion to "join jurisdiction" and three motions (some of which are

18 duplicative) that seek various forms of injunctive relief. Dkts. 21, 25, 26 and 27. The first

19 motion, Dkt. 21, is moot as the court has jurisdiction over this matter. 28 U.S.C. §1331. The

20 remaining motions are rendered moot by the Court's recommendation that this matter be

21 dismissed with prejudice. Accordingly, the Court recommends that all of plaintiffs pending

22 motions be denied.

23

24

25

REPORT AND RECOMMENDATION - 6

# CONCLUSION

Because plaintiff's claim is barred by the doctrine of res judicata, the Court recommends that this action be dismissed with prejudice and that all pending motions be denied as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on August 24, 2018, as noted in the caption.

Dated this 6th day of August, 2018.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8